UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JASON T. MERRYMAN and
JOSEPHINE M. ZARAGOZA,

              Plaintiffs,

   v.

KLICKITAT COUNTY PROSECUTOR,
et al.,

              Defendants.

NO.  1:14-CV-3044-SAB

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

      On March 14, 2014, Plaintiffs Jason T. Merryman and Josephine M. Zaragoza filed suit against Klickitat County; the Klickitat County Prosecutor, Lori Hoctor; the Deputy Prosecutor, Katharine W. Mathews; the Klickitat County Sheriff, Rick McComas; and three Klickitat County Sheriff's Office Deputies, James Leininger, Joe Riggers, and Robert Songer. Plaintiffs primarily alleged violations under 42 U.S.C. §§ 1983 and 1985. On April 8, 2014, Defendants removed the case to this Court and, on October 13, 2015, Defendants filed the instant Motion for Summary Judgment. ECF No. 16. The motion was heard without oral argument.

### Facts

      According to Plaintiffs' complaint, this suit arose from the arrest of the plaintiffs for allegedly selling marijuana to a confidential informant ("CI") on several occasions. Plaintiffs claim to have been falsely charged and allege that law

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 1

enforcement and the county prosecutor knew or should have known the CI had an extensive criminal record, was untrustworthy, and was framing the plaintiffs. Plaintiffs contend law enforcement was overly physical when they were arrested, that forfeiture proceedings instituted against them where improper, and that the prosecutor engaged in a policy of intimidation. Plaintiffs were arrested and charged with various drug offenses. These charges were dismissed as the result of an evidentiary issue.

### *Motion Standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325.

In addition to showing that there are no questions of material fact, the moving party must show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000).  The moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "[t]he evidence of the non-

**ORDER GRANTING DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT** # 2

movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### Analysis

Plaintiffs brought this suit against Klickitat County, the Klickitat County Prosecutor, the Deputy Prosecutor, the Klickitat County Sherriff, and three Klickitat County Sheriff's Office Deputies. Although the caption in the original Superior Court complaint lists the defendants "individually and in their official capacities," the word "individually" was crossed out. The complaint itself alleges the defendants were "acting in [their] official capacit[ies]." In their motion for summary judgment, Defendants assert that the suit was brought against them only in their official capacities. Plaintiffs apparently concede this point and did not respond to it.

Suits against an official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Effectively, a suit against an official's office is the same as a suit against the government entity itself. *Will*, 491 U.S. at 71 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). In this case, suits against the Klickitat County Prosecutor, Sheriff, and Sheriff's Deputies, are the functional equivalent of a suit against Klickitat County itself.

A municipality, such as Klickitat County, can be held liable only when the municipality inflicts an injury—not under a respondeat superior theory. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, a municipality may only be held liable under § 1983 if an employee was acting pursuant to an official policy or custom, or for an act by an individual with policy-making authority which is tantamount to a policy. *Id.* at 694-95.

The allegations Plaintiffs make include excessive use of force; a pattern of mistreatment to disabled or poor residents—including harassment and

**ORDER GRANTING DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT** # 3

intimidation; retaliation against residents who complain; and improper supervision and training of county employees. Although Plaintiffs do provide some specific allegations in support of their claims, they offer little factual support in the record to buttress the allegations. Additionally, Plaintiffs provide no actual evidence of any policy, custom, or decision or ratification by an official with policy-making authority.

Plaintiffs do assert that Defendant Mathews, a Klickitat County prosecutor, had final policy-making authority and used that authority to authorize a defective warrant for Plaintiffs' arrest. However, Plaintiffs do not explain how a prosecutor, rather than a judicial officer, authorized a warrant and do not provide any evidence that Defendant Mathews has policy-making authority. Plaintiffs also claim Defendants Hoctor and McComas ignored negligent acts of other defendants. Even had Plaintiffs provided any factual support for these allegations, they would be insufficient to create a dispute of material fact to survive summary judgment because *Monell* liability requires much more than ignoring negligent acts. *See e.g.*, *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (stating a "deliberate choice" needs to be made by a policy-making official for *Monell* liability) (*citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Plaintiffs also include a failure-to-train allegation, but again, do not provide any factual support.

It is clear that the Plaintiffs feel aggrieved. Despite their pro se status, Plaintiffs have done an admirable job compiling records and presenting their case in the proper form. Plaintiffs have created a record that supports many of their allegations surrounding their arrest. However, even taking the facts in the light most favorable to the Plaintiffs, the record does not present any evidence that could support a finding of liability for the County—a high bar under federal law. Most of the evidence presented goes to whether the CI may have robbed another individual of marijuana or to the financial and medical conditions of the Plaintiffs. The only evidence in the record concerning the actions of the Klickitat County

**ORDER GRANTING DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT** # 4

Sheriff's Office include two letters from a former deputy and a newspaper article. The letters and the article, though evidence of possible dysfunction at the sheriff's office, do not mention the facts at issue in this case or otherwise appear relevant to the claims against the County.

If the relevant question in this case were simply whether or not the CI actually performed controlled buys of marijuana from the Plaintiffs, the Court would have no trouble concluding that genuine disputes of material fact exist. A § 1983 claim, however, requires much more than that. Taking the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact for a jury to resolve. Defendants are entitled to judgment as a matter of law. Summary judgment is granted to the defendants on all claims.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

2. Judgment shall be entered in favor of all defendants.

3. All previously set court dates, including the trial date, are **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, enter judgment, provide copies to counsel and Plaintiffs, and **close the file**.

**DATED** this 4th day of January 2016.

Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT** # 5